**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL NO. 17-138-02

VERSUS                                      JUDGE ELIZABETH E. FOOTE

TINA TAYLOR                                 MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Tina Taylor ("Taylor"). Record Document 172. In her motion and memorandum, Taylor contends that her right to effective assistance of counsel was violated when her attorney: (1) failed to object to the issuance of a tracking device warrant; (2) failed to object to the Rule authorizing the issuance of the tracking device warrant; (3) failed to argue that Taylor played a minor role at sentencing; and (4) failed to object to the calculation of criminal history points in her presentence report. In a supplemental filing, Taylor adds that her attorney was ineffective for failing to advise her of her right to seek a writ of certiorari to the United States Supreme Court after the Fifth Circuit affirmed her conviction and sentence. Record Document 180. The Government opposes the § 2255 motion and contends Taylor is not entitled to any relief. Record Documents 179 & 182.

For the reasons set forth below, the Court finds that the four challenges raised in Taylor's initial § 2255 motion [Record Document 172] are meritless and are **DENIED WITH PREJUDICE**. The fifth claim raised in Taylor's supplemental motion [Record Document 180] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Taylor's right

to move the Fifth Circuit to recall and reissue its mandate so she may timely appeal the mandate to the United States Supreme Court.

## Background

On May 24, 2017, a grand jury in the Western District of Louisiana returned a three-count indictment against Taylor and three co-defendants: Thomas Taylor, who is Taylor's husband, Michael Rushton, and Donnie Grabener. Record Document 27. Taylor was charged with (1) conspiracy to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute fifty grams or more of methamphetamine or five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841. *Id.* The Court appointed counsel to represent Taylor. Record Documents 18 & 23.

The charges stemmed from a drug investigation into the Taylors. In May 2017, Rick Anderson ("Anderson"), a Caddo Parish Sheriff's Deputy assigned to the DEA Task Force, received information that the Taylors were buying large amounts of methamphetamine in Texas and selling it in Louisiana. Anderson applied for and received a search warrant from a Louisiana state court to place a tracking device on the Taylors' vehicle. Anderson placed the tracking device on the car. The next day, he observed the car as it drove to Mesquite, Texas and Deberry, Texas, then back to Caddo Parish, Louisiana.

Anderson contacted an on-duty Caddo Parish Sheriff's Deputy with a description of the Taylors' vehicle. He stated that the vehicle likely contained methamphetamine and

told the deputy to stop the vehicle if a traffic violation was observed. The deputy observed traffic violations and stopped the vehicle. At the time of the stop, Michael Rushton was driving, Thomas Taylor was in the passenger seat, and the Petitioner was in the back seat. Because she had an outstanding warrant out of Texas for a parole violation, Petitioner was placed under arrest. Thomas Taylor told the deputy he owned the vehicle and granted his consent to search the vehicle. In the backseat area, the deputy located a cardboard box, which contained a large quantity of methamphetamine. In post-*Miranda* statements, law enforcement learned that the defendants drove to Texas to meet with their supply source, that they had been dealing methamphetamine in the Shreveport area for several months, and that the Petitioner oversaw the monetary aspects of their drug business.

Taylor and Thomas Taylor challenged the stop through motions to suppress. In her motion to suppress, Taylor argued that the deputy had no valid basis to stop the vehicle. Record Documents 54 & 71. The Court found that the traffic stop was lawful at its inception because the deputy observed traffic violations. Record Documents 84 at 7-8 & 90. In his motion to suppress, Thomas Taylor challenged the validity of the tracking device, which he claimed did not comply with Federal Rule of Criminal Procedure 41. Record Documents 58 & 73. The Court found that Rule 41 does not prohibit a state law enforcement officer from obtaining a state court warrant regarding a state violation.  Record Documents 84 at 9 & 90. At the time Anderson obtained the warrant, he was investigating conduct that constituted a crime under both state and federal law and could be prosecuted by either jurisdiction. The investigation was not federal at the time of the stop and only became federal when the officers realized how much methamphetamine was involved. Therefore,

at that point in the investigation, Anderson could pursue a search warrant from a state or federal court judge. Record Documents 84 at 9, 11 & 90.

Taylor entered a conditional guilty plea as to Count One on March 5, 2018. The presentence report found, and the Court agreed, that Taylor had a base offense level of thirty-four. Record Document 150 at 6. She received a three-level reduction for acceptance of responsibility. *Id.* at 7. With a total offense level of thirty-one and a criminal history level V (with twelve points), Taylor's guideline range was 168-210 months. *Id.* at 18. However, Taylor faced a statutory mandatory minimum of ten years. *Id.* The Court sentenced her below her Guideline range to the statutory mandatory minimum term of 120 months. Record Document 145. The Court based the downward variance on the 18 U.S.C. § 3553(a) factors including Taylor's role in the offense, drug and alcohol dependence, the nature of her criminal history, and to avoid unwanted sentencing disparities among defendants. Record Document 146 at 3.

Taylor and Thomas Taylor timely appealed and challenged the denial of the motion to suppress. *United States v. Taylor*, 770 F. App'x 235 (5th Cir. 2019). On May 17, 2019, the Fifth Circuit rejected the appeal and affirmed the denial of the motion to suppress. The Fifth Circuit found that there was a legal basis for the traffic stop. *Id.* at 237. As to the issuance of the warrant for the tracking device, the good faith exception to the exclusionary rule was applicable because there was "no indication that it was objectively unreasonable for the police officers to rely on the warrant issued by the state judge allowing for the tracking device." *Id.*

On August 19, 2019, Taylor timely filed the instant motion under 28 U.S.C. § 2255. In the motion, she asserts that her counsel (1) failed to challenge the warrant for the tracking device; (2) failed to challenge the Federal Rule of Criminal Procedure authorizing the tracking device warrant; (3) failed to argue at sentencing that she was entitled to a reduction in her offense level for a minor role; and (4) failed to object to the calculation of criminal history points in her presentence report. Record Document 172. In her December 4, 2019 supplement, Taylor asserts that her counsel failed to advise her of her right to appeal the Fifth Circuit's decision to the United States Supreme Court. Record Document 180.

On September 23, 2024, this Court issued a minute entry seeking information from Taylor's counsel as to whether he informed Taylor of her right to file a writ of certiorari to seek Supreme Court review of the Fifth Circuit mandate. Record Document 230. On September 30, 2024, counsel responded to the Court's request with an affidavit and several supporting exhibits. Record Document 231.

The exhibits show that Taylor's counsel sent her a copy of the Fifth Circuit's written decision, which was accompanied by a letter from the Clerk of Court ("Clerk"). *Id.* at 3-9. Counsel states that this letter from the Clerk "set[s] forth the available options for further appellate review." *Id.* at 2. The letter includes the following:

> Pro Se Cases. If you were unsuccessful in the district court and/or appeal, and are considering filing a petition for certiorari in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.
>
> Court Appointed Counsel. Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari

> to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel you should notify your client promptly, **and advise them of the time limits for filing rehearing and certiorari.** Additionally, you MUST confirm this information was given to your client, within the body of your motion to withdraw as counsel.

*Id.* at 8-9 (emphasis in original). Taylor responded to her counsel via letter. She wrote: "Thank you for letting me know about the motions. I know I really never had any faith in them but it is kinda depressing to see it on paper. … Is there anything left to do?" *Id.* at 10. Taylor also asked counsel to locate her son's address so she could send him a letter. *Id.* at 11. Taylor's counsel responded to her letter. Counsel wrote: "Enclosed please find the contact information for [your son]. I will keep you posted of any good time issues that may affect your case. I am glad to hear you are doing well." *Id.* at 13.

Taylor's counsel submits in his affidavit that "[i]n [his] opinion the appeal was completely frivolous and the defendant knew it had no chance of succeeding. The U.S. Supreme Court was not going to grant a writ of certiorari." *Id.* at 2.

## Law & Analysis

### I.    Relevant Law

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service

for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). One transgression courts may consider for the first time on a § 2255 motion is a claim for ineffective assistance of counsel. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

To state a successful claim of ineffective assistance of counsel, petitioner must demonstrate two things: (1) counsel's performance was deficient and (2) the deficient performance prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *Id.*; *see also Tucker v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997). The petitioner bears the burden of proving both prongs are met. *See Strickland*, 466 U.S. at 687. A court may reject an ineffective assistance of counsel claim upon an insufficient showing of either deficient performance or prejudice without inquiry into the remaining prong. *See id.* at 689-94.

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."). If a tactical decision is "conscious and informed . . . [, it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999). Courts must be "highly deferential" to counsel's performance and make every effort "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Thus, this Court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986)).

To establish the second prong of prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Self-serving conclusory statements that the outcome would have been different "fall[ ] far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001).

## II.   Analysis of Claims

### A.  Failure to Object to Warrant Authorizing Tracking Device

Taylor's first claim is that her attorney was ineffective because he failed to object to the warrant issued to track the car that traveled out of state in violation of Federal Rule of Criminal Procedure 41. Record Document 172 at 4-5.

"An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999). Any objection to the lawfulness of the warrant under Rule 41 would have been meritless. Taylor's co-defendants raised arguments that the warrant was unlawful under Rule 41 and those arguments were rejected by this Court. Record Documents 84 & 90. This Court's decision was binding as to all defendants— including Taylor. Further, the Rule 41 objection was considered, and rejected, by the Fifth Circuit on appeal. Record Document 171 at 2; *see Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) ("If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.").

In sum, Taylor claims her attorney was ineffective for not making an argument that has already been considered, and rejected, by both this Court and the Fifth Circuit. Taylor's counsel did not need to raise this meritless argument to be effective. Accordingly, this claim for relief is denied.

### B. Failure to Object to Rule Underlying Warrant

Taylor's second claim is that her attorney was ineffective for failing to object to Federal Rule of Criminal Procedure 41, which authorized the tracking device warrant, as unconstitutional under the Fourth Amendment. Record Document 172 at 6. This claim also fails.

The good faith exception to the exclusionary rule applies to any evidence that is obtained in objective reasonable reliance on a Rule or statute unless it is clearly unconstitutional. *Illinois v. Krull*, 480 U.S. 340, 349 (1987). This is so because "if a 'statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written.'" *United States v. Beverly*, 943 F.3d 225, 233 (5th Cir. 2019) (quoting *Krull*, 480 U.S. at 350). An officer acts in reasonable reliance on an existing statute if they do not act in bad faith nor adopt an objectively unreasonable interpretation of the statute's scope. *United States v. Wallace*, 885 F.3d 806, 811 (5th Cir. 2018).

Even if Taylor's attorney had objected to Rule 41 as unconstitutional, the evidence gathered pursuant to the warrant would not have been suppressed, regardless of whether the Rule was ultimately declared unconstitutional because the officers' reliance on the Rule would have been reasonable. There is no evidence to suggest that the officers here acted in bad faith or adopted an objectively unreasonable interpretation of the statute's scope. Taylor's counsel did not need to raise this meritless argument to be effective. Accordingly, this claim for relief is denied.

### C.  Failure to Argue Minor Role and to Object to Criminal History Points

Taylor's third and fourth claims allege that her attorney was ineffective for failing to object to various issues during the sentencing phase. Specifically, Taylor claims her attorney was ineffective because he failed to argue that she played a minor role in the crime such that she would be eligible for a reduction of sentence. Record Document 172 at 7, 14. Taylor also claims her counsel was ineffective because he failed to object to the calculation of criminal history points in her presentence report. *Id.* at 9.

While alleged sentencing issues and misapplication of the Sentencing Guidelines are not cognizable on a § 2255 motion, a defendant may bring a claim that their counsel rendered ineffective assistance by failing to make the argument when it was cognizable. *United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999). Thus, Taylor can claim that her counsel was ineffective by failing to raise these objections at her sentencing hearing or on direct appeal.

There is no evidence on the record to show that Taylor's counsel raised these objections. But even if her counsel was deficient for failing to raise these issues, Taylor cannot meet her burden of showing that she was prejudiced by her counsel's alleged failure. Taylor was sentenced to a term of 120 months imprisonment and five years of supervised release. Record Document 145. This is the statutory minimum sentence for Taylor's crime of conviction and a significant downward variance from Taylor's Guideline range of 168-210 months. Record Document 150 at 18; 21 U.S.C. § 841(b)(1)(A)(viii). The Court could not have imposed a lesser sentence under the applicable statute. Because

11

Taylor was not prejudiced by her counsel's failure to raise either argument, her third and fourth claims of ineffective assistance of counsel fail. *See Strickland*, 466 U.S. at 687.

### D. Failure to Inform of Right to Seek Supreme Court Review

In Taylor's fifth claim, she alleges that her counsel was ineffective for failing to inform her of her right to seek Supreme Court review of the Fifth Circuit's decision affirming her conviction and sentence through a writ of certiorari. Record Documents 180 & 183. In her filings, Taylor cites the Sixth Amendment right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A, and the Fifth Circuit's decision in *Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972) to support this proposition.[1]

The Criminal Justice Act ("CJA") requires that all district courts, with the approval of the circuit's judicial council, enact a plan for adequate representation for indigent defendants. Pursuant to the CJA, the Judicial Council of the Fifth Circuit has adopted a "Plan for Representation on Appeal Under the Criminal Justice Act" ("CJA Plan").[2] The CJA Plan outlines the obligations of appointed counsel on appeal. Under the CJA Plan, "[p]romptly after the court of appeals' decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari

---

[1] In Taylor's supplement to her § 2255 motion, she invokes her "right to seek further appellate review at the Supreme Court" without citing any specific legal authority. Record Document 180 at 1. In her supplemental reply to the Government's opposition, Taylor argues that she "filed for relief based on Ineffective Assistance of Counsel, 6th Amendment Violation." Record Document 183 at 1. But she also cites to the Criminal Justice Act, 18 U.S.C. § 3006A, and the Fifth Circuit's decision in *Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972). Because Taylor is a *pro se* litigant, her filings are to be liberally construed. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

[2] The Fifth Circuit CJA Plan can be found at https://www.lb5.uscourts.gov/cja2/CJADocs/CircuitCJAPlan.pdf.

with the United States Supreme Court." CJA Plan, § 6. Also under the CJA Plan, appointed counsel must "inform the client of the right to … seek certiorari review in the Supreme Court without prepayment of fees and costs, giving security, or filing the affidavit of financial inability specified by 28 U.S.C. § 1915(a)." *Id.*

The United States Supreme Court has held that when a lawyer fails to comply with CJA Plan requirements related to certiorari, the appropriate remedy is for the Court of Appeals to reenter its judgment to allow for a timely petition for writ of certiorari—regardless of whether prejudice has been shown. *See Wilkins v. United States*, 441 U.S. 468, 470 (1979); *see also United States v. Thomas*, 562 F.2d 576, 577 (8th Cir. 1977) ("[I]f the movant was not informed by his counsel of his right to petition for certiorari[,] he was deprived of his right to effective assistance of counsel.").

The Fifth Circuit has previously held that failure to comply with the Circuit's CJA Plan entitles defendant to a resetting of the clock. In *United States v. James*, 990 F.2d 804 (5th Cir. 1993), defendant requested his counsel file a writ of certiorari with the Supreme Court. His counsel did not do so, explaining that there was no sound factual or legal basis for such review. But the Fifth Circuit rejected counsel's explanations, reasoning:

> We sympathize with counsel's desire not to file papers with the Court which have no reasonable chance of success. However, the Plan adopted by this Court pursuant to the Criminal Justice Act provides that, when requested to do so in writing by his client, counsel must file a petition for certiorari with the Supreme Court. If no issues of merit can be raised, counsel is reminded of the rule of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). …
>
> [W]e hereby vacate and reinstate the judgment of this Court affirming movant's conviction and sentence and direct counsel to timely file a petition for certiorari with the United States Supreme Court.

*Id.* at 805; *see also Lacaze v. United States*, 457 F.2d at 1080-81 (reaffirming a Fifth Circuit mandate for a petitioner who had not been informed of their right to file a writ of certiorari in accordance with the then-effective Fifth Circuit Rules because advisement as to certiorari "was essential to effective representation of counsel").

The Court must consider whether Taylor's counsel fulfilled his obligations under the Fifth Circuit CJA Plan. Based on the evidence submitted by Taylor's counsel, this Court finds he did not. While counsel did send Taylor the Fifth Circuit decision affirming her conviction with correspondence from the Clerk, the Court finds that the substance of the correspondence is insufficient to satisfy counsel's obligations.

The Fifth Circuit CJA Plan requires that appointed counsel provide written notice of the right to seek certiorari and the right to do so without prepayment of fees and costs, giving security, or filing an affidavit of financial inability. Nothing in the Clerk's correspondence provided to Taylor advised Taylor of her right to seek certiorari without prepayment, security, or an affidavit. Further, while the Clerk's letter mentions that the "issuance of the mandate does not affect the time, or [one's] right, to file with the Supreme Court," this is insufficient to advise Taylor of her right to file for Supreme Court review. The Clerk's letter also includes information for *pro se* litigants as to motions for stay or mandate, but that information was both inapplicable to Taylor (who was not proceeding *pro se* at that time) and insufficient to advise her of her rights. The Clerk's letter does, however, explicitly outline counsel's obligations to file for writ of certiorari if so requested or, alternatively, to withdraw as counsel and advise the client in their withdrawal motion of their right to file for a rehearing or writ of certiorari.

14

In this case, after receiving the Fifth Circuit decision and the Clerk's correspondence, Taylor asked her counsel if there was anything else that could be done. Record Document 231 at 10. In his response, Taylor's counsel did not address her question nor advise her of her right to appeal. *Id.* at 13. While the Court appreciates that Taylor's counsel surmised the writ of certiorari would be without merit, the CJA Plan does not limit its notification requirements to seemingly meritorious appeals. *See James*, 990 F.2d at 805. As an indigent defendant, Taylor did not have a right to representation in the filing of a writ of certiorari to the Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, she was entitled to be advised of her right to seek certiorari under the CJA Plan.

When the Court considers this deficiency in the context of a § 2255 motion, it must find Taylor was not deprived of a constitutional right sufficient to grant relief. Relief for defendants who raise claims of ineffective assistance of counsel on a § 2255 motion is reserved for defendants who are provided deficient representation under the U.S. Constitution. *See Strickland*, 466 U.S. at 687-81. As the Government correctly argues in its opposition, Taylor has no *constitutional* right to counsel on a petition for writ of certiorari. Record Document 192 at 1; *Ross v. Moffitt*, 417 U.S. 600, 617-19 (1974); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002) ("The constitutionally secured right to counsel ends when the decision by the appellate court is entered.").

District courts handling similar claims have dismissed petitioners' claims without prejudice to the defendant's right to petition the circuit court to recall and reenter their mandate to reset the clock for filing a writ of certiorari—sometimes explicitly advising

petitioners to do so and to attach the court's judgment. *See, e.g.*, *Sessions v. United States*, No. 08-248, 2011 WL 13141011, at *3 (N.D. Ga. Aug. 24, 2011); *Devine v. United States*, No. 10-91, 2011 WL 1675089, at *1-2 (E.D.N.C. May 3, 2011); *Carter v. United States*, No. 09-14, 2010 WL 3619252, at *5 (W.D.N.C. Sept. 10, 2010); *United States v. Davis*, No. 06-63, 2009 WL 3055230, at *2-3 (W.D. Va. Sept. 23, 2009). This Court agrees with this approach and will do the same.

Taylor's fifth claim of ineffective assistance of counsel is denied and dismissed without prejudice to Taylor's right to move the Fifth Circuit to recall and reenter its mandate as a remedy for Taylor's counsel's failure to comply with the CJA Plan. If Taylor chooses to file such a motion, the Court recommends that she attach a copy of this Order to her motion.

## **Conclusion**

For the reasons assigned herein, Taylor's first four claims in her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record Document 172] are hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Taylor's fifth and final claim in the supplement to her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record Document 180] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** to her right to move the Fifth Circuit to recall and reenter its mandate.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of

appeal. In this case, a certificate of appealability is **DENIED** because Taylor has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 15th day of October, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE